IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MANUEL REYES-PENA, # 09794-000,** *also known as* **MANUEL RAUL REYES-PENA GARCIA MONTERO,** | ) ) ) ) |
| **Plaintiff,** | ) ) |
| vs. | ) )   Case No. 14-cv-815-MJR |
| **CHIEF COMMANDER OF THE UNITED STATES, VICE PRESIDENT,** and **ALL GOVERNMENTS OF STATES,** | ) ) ) ) ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court for review of Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP Motion") (Doc. 2). Plaintiff has accumulated at least three "strikes" by filing lawsuits that were dismissed for raising frivolous claims or for failing to state a claim upon which relief may be granted.[1] Under the circumstances, he may not proceed *in forma pauperis* in a new civil action unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). Plaintiff's pleadings describe no such threat and, for that matter, raise frivolous claims. Accordingly, the pending IFP Motion shall be **DENIED** and the case shall be **DISMISSED**.

## IFP Motion

Plaintiff seeks leave to proceed in this case without prepayment of the Court's

---

[1] *See, e.g., Montero v. Clinton*, Case No. 03-cv-527 (N.D. Ill., dismissed as frivolous on Mar. 4, 2003); *Montero v. Clinton*, Case No. 03-cv-512 (E.D.N.Y., dismissed as frivolous on Feb. 12, 2003); *Montero v. Clinton*, Case No. 02-cv-2686 (N.D. Ga., dismissed as frivolous on Nov. 27, 2002).

usual $400.00$^2$ filing fee in a civil action (Doc. 2).  *See* 28 U.S.C. § 1914(a).  Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress."  28 U.S.C. § 1915(a)(1).  Plaintiff's motion and affidavit are woefully deficient.  Most of Plaintiff's application is blank (Doc. 2, p. 1).  Plaintiff failed to answer any substantive questions.  He also failed to sign the application.  And although Plaintiff prepared his own affidavit of indigence in support of his application, he also failed to sign the affidavit (Doc. 2, p. 2).  These deficiencies, alone, provide sufficient grounds for denying Plaintiff's IFP Motion.

But the Court's inquiry does not end there.  According to 28 U.S.C. § 1915, a prisoner may not bring a civil action or appeal a civil judgment "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Plaintiff has done so at least three times.  In fact, he "struck out" more than a decade ago.  *See Montero v. Clinton*, Case No. 03-cv-527 (N.D. Ill., dismissed as frivolous on Mar. 4, 2003); *Montero v. Clinton*, Case No. 03-cv-512 (E.D.N.Y., dismissed as frivolous on Feb. 12, 2003); *Montero v. Clinton*, Case No. 02-cv-2686 (N.D. Ga., dismissed as frivolous on Nov. 27, 2002).  His subsequent requests to proceed IFP have been denied.  *See, e.g., Montero v. Clinton*, Case No. 03-cv-395 (N.D. Tex., denied IFP

---

[2] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee, and will be assessed a fee of only $350.00.

Motion in the newest in a line of at least twenty lawsuits on Apr. 10, 2003); *see also Montero v. Clinton*, Case No. 04-cv-5621 (W.D. Wis., denied IFP Motion on Aug. 11, 2004). Because Plaintiff has "struck out" for purposes of § 1915(g), he is ineligible to proceed IFP in this case unless he is under imminent danger of serious physical injury.

Plaintiff has made no such showing.  The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

In this case, Plaintiff's complaint and his IFP motion are devoid of allegations suggesting that Plaintiff faced any imminent danger of serious physical injury at the time he filed his complaint.  As stated above, Plaintiff's IFP Motion is mostly blank (Doc. 2).  It sets forth no allegations addressing imminent danger.  The complaint is equally devoid of allegations suggesting that Plaintiff faced imminent danger of serious physical injury (Doc. 1). Plaintiff names the United States President, Vice President, and all state governments as Defendants (Doc. 1, p. 1).  Plaintiff's allegations against these Defendants amount to nothing more than incoherent gibberish (Doc. 1, pp. 2-3).  Attached to the complaint are what appear to

be excerpts from the Declaration of Independence (Doc. 1, p. 4), the United States Constitution with a Chiquita banana sticker affixed to the document (Doc. 1, pp. 5-6), a partial list of United States Presidents (Doc. 1, p. 7), a White House Office telephone directory (Doc. 1, p. 10), and a letter from Janet Reno asking to be removed from Plaintiff's contact list (Doc. 1, p. 9). The complaint contains few allegations--none of them coherent--and no remote suggestion that Plaintiff faced any imminent danger of harm when he filed this action. Accordingly, the Court finds that Plaintiff is ineligible to proceed IFP in this action.

## Merits Review Pursuant to 28 U.S.C. § 1915A

When leave to proceed IFP is denied, a prisoner-plaintiff is ordinarily allowed to carry on with an otherwise meritorious action if he pre-pays the full filing fee. However, the instant complaint violates basic pleading standards and cannot survive preliminary review under 28 U.S.C. § 1915A because it sets forth frivolous claims. Accordingly, the complaint and action shall be dismissed with prejudice, and Plaintiff shall receive an additional "strike."

Plaintiff's complaint is subject to dismissal because it is not signed. *See* FED. R. CIV. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."). Normally, the Court would strike the pleading and allow Plaintiff an opportunity to correct the defect by refiling a signed complaint. *Id.* Doing so in this case, however, would be a waste of time and judicial resources.

The complaint clearly does not satisfy basic pleading requirements set forth under Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires a "short plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). In addition, Rule 8 states that "[e]ach averment of a pleading shall be simple, concise, and direct."

*See* FED. R. CIV. P. 8(e)(1). The Seventh Circuit has indicated that:

> Under Rule 8, a complaint must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is. . . . A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation.

*Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994) (internal quotation omitted). *See also Dausch v. Rykse*, 52 F.3d 1425, 1430 (7th Cir. 1994). Plaintiff's complaint violates these standards. The allegations are incoherent. The Court cannot discern the nature of Plaintiff's claims, and it is not required to guess or, for that matter, piece together a claim on Plaintiff's behalf.

It is also clear that the complaint cannot pass muster under § 1915A because it is frivolous. Section 1915A requires the Court to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557.

The complaint is frivolous. On the first page of Plaintiff's complaint, he indicates that he wishes to "appl[y] for the issuance of constitutional writ's (sic) for the elections (sic) President and Vice President on Independence Day" (Doc. 1, p. 1). The second page requests, among other things, the issuance of "constitutional criminal injunctions" addressing electoral laws (Doc. 1, p. 2). It also appears that Plaintiff wants to rewrite portions of the United States Constitution. Such allegations are fantastic and delusional. The Court will not waste its time

trying to decipher Plaintiff's complaint. *See Holland v. City of Gary*, 503 Fed. App'x 476 (7th Cir. 2013) (citations omitted) (holding that "a dismissal for frivolousness under § 1915 (the IFP statute) does not require a judge to accept fantastic or delusional factual allegations"). The complaint does not and cannot pass muster under § 1915A, and it would be futile to allow Plaintiff to file an amended complaint under the circumstances. Accordingly, it shall be dismissed. The dismissal shall be with prejudice, and Plaintiff shall receive a "strike" under 28 U.S.C. § 1915(g).

## Warning

Although it appears that this is the first lawsuit Plaintiff has filed in this Court, it does not escape the Court's attention that Plaintiff continues to file frivolous actions, despite incurring three strikes. *See Montero v. Clinton*, Case No. 03-cv-527 (N.D. Ill., dismissed as frivolous on Mar. 4, 2003); *Montero v. Clinton*, Case No. 03-cv-512 (E.D.N.Y., dismissed as frivolous on Feb. 12, 2003); *Montero v. Clinton*, Case No. 02-cv-2686 (N.D. Ga., dismissed as frivolous on Nov. 27, 2002). *See also Montero v. Clinton*, Case No. 03-cv-395 (N.D. Tex., denied IFP Motion in the newest in a line of at least twenty lawsuits on Apr. 10, 2003); *see also Montero v. Clinton*, Case No. 04-cv-5621 (W.D. Wis., denied IFP Motion on Aug. 11, 2004). The Court will not tolerate this conduct. Plaintiff stands warned that future frivolous filings in this district will lead to sanctions. *See Newlin v. Helman*, 123 F.3d 429, 437 (7th Cir. 1997) (citing *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995)) ("A prisoner who becomes ineligible under § 1915(g) to continue litigating *in forma pauperis*, and who then files additional suits or appeals yet does not pay the necessary fees, loses the ability to file future civil suits."), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999) ("[U]npaid docket fees incurred by litigants subject to

§ 1915(g) lead straight to an order forbidding further litigation.").

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's IFP Motion (Doc. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED with prejudice.** Defendants **CHIEF COMMANDER OF THE UNITED STATES, VICE PRESIDENT,** and **UNKNOWN PARTY** are also dismissed from the action with prejudice.

Because Plaintiff's IFP Motion has been denied, it is **ORDERED** that Plaintiff shall pay the full filing fee of $400.00 for this action within **twenty-one (21) days** of the date of entry of this Order (on or before **September 2, 2014**). If Plaintiff fails to comply with this Order in the time allotted by the Court, a separate order will issue for the prison Trust Fund Officer to deduct payments from Plaintiff's trust fund account until the $400.00 fee is paid in full. Plaintiff incurred the obligation to pay the filing fee for this lawsuit when it was filed, and the obligation now survives his claims. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Plaintiff is **ADVISED** that this dismissal shall count as another "strike" under the provisions of 28 U.S.C. § 1915(g).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

If Plaintiff wishes to appeal the dismissal of this case, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan*, 181 F.3d at 858-59; *Lucien,* 133 F.3d at 467. Moreover, because Plaintiff has "struck out" and has not shown that he

is in imminent danger of serious physical injury, this Court will not grant him permission to proceed *in forma pauperis* on appeal. Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day[3] appeal deadline. FED. R. APP. P. 4(a)(4).

    **IT IS SO ORDERED.**

    **DATED: August 11, 2014**

s/ MICHAEL J. REAGAN<br>United States District Judge

---

[3] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).